# United States District Court
### Eastern District of Michigan

| | |
|---|---|
| United States of America | **ORDER OF DETENTION PENDING HEARING ON VIOLATION OF SUPERVISED RELEASE** |
| v. | |
| JAMES DARDEN | Case Number: 01-80334 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

☒(1)  I find that: DEF IS ON SUPERVISED RELEASE, THEREFORE, BURDEN IS HIS TO SHOW THAT HE SHOULD BE RELEASED.  SEE, FRCrP RULE 32.1(a)(6)
- there is probable cause to believe that the defendant has committed an offense
- for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or _____;
- under 18 U.S.C. § 924(c).

(2)  I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear, that is, he will not abide by the orders of the court.  Although he has not fled, he has failed to report as directed and has violated conditions of half way house.

☐ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

☒ (a) nature of the offense–def currently on supervised release–hearing set for July 20 before district court.

☒ (b) weight of the evidence–per probation officer on the record, he violated several conditions of release at the half way house, including use of drugs.  Not denied by def.

☒ (c) history and characteristics of the defendant
  ☒ 1) physical and mental condition–extensive history of drug use, missed drug testing, current chronic drug use.
  ☒ 2) employment, financial, family ties–now employed, but wife was driving him to his employment and this caused some problems.  His mother was in court, but this does not appear adequate to release him.  Wife changed the locks in the past, and he is currently at the CCC under house arrest.
  ☒ 3) criminal history and record of appearance–has failed to report on numerous occasions and missed many drug screens.

☒ (d) probation, parole or bond at time of the alleged offense–is on supervised release in instant matter

☒ (e) danger to another person or community–some indication that there may be domestic situation that could lead to problems.  There have been some problems in the past but they have not been violent, per defense counsel.

**Def has continued to use drugs and other substances in violation of his supervision.  He has failed to abide by the rules of the halfway house and screen yesterday was positive for marijuana.  When he is not using drugs, he is well able to report to probation and follow rules.  However, when he is on drugs, does not report, follow rules, or otherwise comply.  Given the history and positive screen yesterday, despite being on house arrest,   Court finds that he has not met the standard for release under Rule 32.1**

**Part III – Directions Regarding Detention**

   The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Date 7/13/06 | s/Virginia M. Morgan |
|  | *Signature of Judge* |
|  | Virginia M. Morgan, United States Magistrate Judge |
|  | *Name and Title of Judge* |